### 2950.   MILLTOWN LUMBER CO. *v.* MOORE.

HILL, C. J.   1. The petition, without amendment, was good as against general demurrer; and its formal defects, attacked by special demurrer, were cured by amendment.

2. In a suit to recover damages for injuries to a mare, under an allegation that the animal "was broken, cut, bruised, and injured, so that she was worth only $25," evidence that her "eyes were knocked out" was admissible.

3. Where a corporation, operating cars and locomotives on a tramway, was sued to recover damages for injuries to personal property, a charge to the effect that the burden was on the plaintiff to prove, by a preponderance of evidence, that the injuries "complained of and as set out in his declaration" were caused by the negligence of the defendant in the operation of its locomotive and cars, before a recovery would be authorized, embodied a correct principle of law, and did not authorize the consideration of any acts of negligence other than those set out in the petition; but even if the charge did not expressly limit the jury to the acts of negligence alleged, there was no evidence of any other acts of negligence than those set out in the petition, and the omission of a more specific instruction was harmless.

4. No material error of law appears. The issues were fairly and fully submitted to the jury. The evidence was in conflict on the question of negligence. The damages given were reasonable. The verdict was approved by the trial judge, and no reason is shown why this court should reverse the judgment.                    *Judgment affirmed.*

DECIDED APRIL 24, 1911.

Action for damages; from city court of Nashville—Judge Buie. September 20, 1910.

*E. K. Wilcox,* for plaintiff in error.

*Hendricks & Christian,* contra.